# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUGH O'NEIL, Appellant.

*When a judgment will not be reversed, because a judge has submitted a question to a jury which he ought to have determined himself— what testimony as to the acts and declarations of a person accused of a crime, is admissible.*

On June 20, 1885, an indictment was found in the Cortland Oyer and Terminer, charging the defendant with arson in the third degree, under the second subdivision of section 488 of the Penal Code, in having burned, February 14, 1884, at Cortland village, a wagon factory. In February, 1886, at an Oyer and Terminer, the defendant was convicted of the crime charged and sentenced to imprisonment in the State prison for five years. A motion for a new trial was made pursuant to sections 465 and 466 of the Code of Criminal Procedure, which was denied. The defendant appealed from the judgment and conviction.

The court at General Term said : " Upon the evidence given upon the trial the trial judge was warranted in holding, as a matter of law, that the building alleged to have been burned by the defendant, and described in the indictment as well as in the evidence, was embraced within the statute as arson. Although he submitted comments to the jury upon that subject, and allowed them to find that the building was within the provisions of the statute, no error was committed which the defendant can successfully complain of. A judgment will not be reversed merely because the judge submitted to the jury a question which he ought to determine himself, where it is clear he ought to have decided it in the same way the jury have found. (*Miller* v. *Eagle Life and Health Ins. Co.*, 2 E. D. Smith, 268; *Cumpston* v. *McNair*, 1 Wend., 457; *Pangburn* v. *Bull*, Id. 345–352; *Hall* v. *Suydam*, 6 Barb., 83, 88; *Thompson* v. *Roberts*, 24 How. [U. S.], 233–240.) * * *

" When the witness O'Connor, bookkeeper, was upon the stand, he detailed the incidents relating to the books, and facts and circumstances relating to the fire, and the direction received from the defendant in respect to the several items in the accounts; and conversations had with the defendant preceding the fire, and shortly thereafter, and narrated some of the preparations made by the defendant to meet the adjusters and ascertain the extent of the loss, and that he burned certain invoices in the stove in the blacksmith's shop under the direction of the defendant, and that the defendant told him he had 'made up an inventory to settle with the insurance companies,' and that the inventory made at the Messenger House showed a loss of $20,000. He said if he could get $20,000 of the insurance men he would let the Springville men go to hell, he would not go to Springville.

"After this evidence was given the witness was permitted, against the objection and exception of the defendant, to state that the defendant 'was drinking some. He had a bottle there with him. Well, Conger carried a bottle and every once and a while Mr. O'Neil would take a slug. The bottle was carried in Mr. Conger's overcoat pocket. I saw O'Neil drinking from that bottle at different times. He told me during the time he was making his adjustment that he had showed the loss by his inventory of something over $20,000.'

" In *Lindsay* v. *People* (63 N. Y., 154), Judge ALLEN says, viz.: ' The acts and declarations of a party are evidence against him, and whether they tend to fix a crime upon him is for the jury.'

" In *Greenfield* v. *People* (85 N. Y., 85), Judge MILLER says, viz.: ' The acts and conduct of a party at or about the time when he is charged to have committed a crime, are always received as evidence of a guilty mind, and while in weighing such evidence ordinary caution is required, such inferences are to be drawn from them as experience indicates is warranted. (Roscoe's Crim. Ev., 21, 22.) And the demeanor of a prisoner at the time of his arrest, or soon after the commission of the crime, or upon being charged with the offense, is a proper subject of consideration in determining the question of guilt. Such indications, however, are by no means conclusive, and must depend greatly upon the mental characteristics of the individual.'

"In *Levy* v. *People* (80 N. Y., 335), it was said that the conduct of the prisoner, after the fire, was admissible. In speaking thereof, Judge FOLGER says, viz.: 'It was an act in the prisoner's life, at the time of the occurrence, with guilty participation in which he was charged, and it was competent to be shown to the jury. * * * But after acts of his might be circumstances, according to the nature of them, to show guilty knowledge of purpose and inducement thereto before the fire.'

"We are, therefore, of the opinion that the verdict ought not to be disturbed, because the witness O'Connor testified that at the time of the occurrence of the acts of the defendant which he had detailed the witness was permitted to state that the defendant 'was drinking some.'" * * *

*R. Champlin* and *J. McGuire*, for the appellant.

*H. L. Bronson*, district attorney, for the respondent.

Opinion by HARDIN, P. J.; FOLLETT and MARTIN, JJ., concurred.

Conviction, order and judgment affirmed, and proceedings remitted to the Court of Oyer and Terminer of Cortland county, with instructions to proceed thereon.